IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| JOHN McCARTY, | ) CASE NO. 04-47301-H3-7 |
| | ) |
| Debtor | ) |
| | ) |

<u>MEMORANDUM OPINION</u>

The court heard the Motion for Order Directing Debtor to Show Cause Why He Should Not Be Held In Contempt For Failing to Comply with Order Granting Motion To Compel (Docket No. 56) filed by Hibernia National Bank, Movant. After review of the Debtor's Notice of Compliance (Docket No. 60), Movant's Response thereto (Docket No. 62), the pleadings, evidence and testimony, the court makes the following Findings of Fact and Conclusions of Law. A separate Judgment will be entered ordering John McCarty, Debtor, to respond to the Movant's Request for Production of Documents within ten days from the date of entry of Judgment and pay the amount of $2,000 to Movant representing sanctions and reimbursement of attorney's fees and costs for his failure to cooperate in discovery. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

FINDINGS OF FACT

Debtor, John McCarty, filed a voluntary Chapter 13 bankruptcy proceeding on December 6, 2004.  Docket No. 1.  The case was subsequently converted to a Chapter 7 proceeding on August 26, 2005.  Docket No. 116.

Movant filed a Notice of Rule 2004 Examination and Production of Documents which was served on Debtor on February 11, 2005.  Movant's Exhibit A, Docket No. 21. Debtor did not respond to the Request for Production of Documents ("Request"). On Debtor's request, the 2004 Examination originally set for March 2, 2005 was rescheduled.  Debtor was to respond to the Request prior to the rescheduled date for the 2004 Examination.  He failed to do so.

Debtor appeared on March 11, 2005, at the rescheduled 2004 Examination but again failed to comply with the Request. Debtor admitted in his 2004 Examination that he failed to respond to the Request although he had been aware of it at least three weeks prior to the examination date.  At his examination he testified he was "out of town most of the time" and it was "difficult for [him] to find the time to dig through" his files. Movant's Exhibit B, p. 13, lines 14-25 and p. 14.

On March 30, 2005, Movant sent correspondence to Debtor's counsel requesting responses.  Again Debtor failed to respond. Movant's Exhibit E.  Thereafter, Movant filed a Motion To (1) Compel Debtor's Production of Documents and (2) Sanction Debtor

For Unreasonably Resisting Discovery.  Docket No. 34, Movant's Exhibit E.  The court granted the Motion and ordered the Debtor to respond by April 27, 2005 which was five days after entry of the court's order.  No sanctions were awarded.  Docket No. 41, Movant's Exhibit C.

On April 25, 2005, Movant forwarded a copy of the court's order to Debtor's counsel and advised him that Responses were due on April 27, 2005.  Debtor did not respond by the court ordered date.  Movant then filed the instant Motion for Order Directing Debtor to Show Cause Why He Should Not Be Held In Contempt For Failing to Comply with Order Granting Motion To Compel.  Docket No. 56.  Movant requests that the court hold Debtor in contempt, order a civil compensation sanction of a minimum of $1,000 per day until compliance, any other appropriate sanctions and $1,000 for reasonable attorney's fees and expenses in bringing the motion.

Debtor testified that he has made every effort to respond to Movant's Request and that he spent days looking for documents.  Debtor testified that he believed he produced all of the documents that were requested, either pursuant to a prior Request for Production of Documents by Movant two or three years ago or to the instant Request.  Debtor testified that he believed that the only documents Movant wanted were those referred to by Movant at the

Debtor's 2004 Examination.  Debtor testified he produced all of those documents.

According to Debtor, all documents, consisting of "only a couple of boxes," were located either at Debtor's home or his office.  Debtor testified that he looked through his office and personal files.  He also testified that approximately eighty percent (80%) of the documents were located in his office.  Debtor testified he was locked out of his office but he did not think there was anything in his office that had not been previously produced.  He testified that once he obtained access to his office, he would again look for documents and, if found, he would produce them.

In connection with producing pictures of his art work and receipts related to these purchases, Debtor testified that he did not think producing them was necessary.  He explained that the pictures were on his computer and he had already produced a list of the art work.

Debtor did not produce his tax returns although he had filed them with the IRS.  He did not produce invoices he submitted to Trans-Point Logistics for consulting work nor did he produce any checking account records.  Debtor testified that he does not keep any of his checking account records so there were none to produce.

Debtor did not produce documents relating to his interests in real property or any of his investments. He also failed to produce the customer list of P2P Logistics although at his 2004 Examination he agreed to do so. Movant's Exhibit B, p. 32, line 11.

The court finds that Debtor's explanations for his failure to respond completely to Movant's Request are not credible, or convincing. The initial Request was made almost one year ago. Since then, Movant incurred unnecessary attorney's fees and costs and had to utilize judicial resources on more than one occasion in its attempts to obtain basic information from Debtor. Debtor is to fully respond to the Movant's Request within ten days. The court sanctions Debtor in the amount of $1,000 for his recalcitrant actions and failure to adequately respond to the discovery requests of Movant. The court additionally allows as sanctions the amount of $1,000 representing reasonable attorney's fees and costs.

CONCLUSIONS OF LAW

Bankruptcy Rule 2004 is the basic discovery device in bankruptcy cases. In addition to appearing at the meeting of creditors and being examined under oath, the debtor may also be required to submit to examination under Rule 2004. Rule 2004(c) states that all entities may be compelled to attend the examination or produce documents in the manner provided in Bankruptcy Rule 9016 for the attendance of witnesses at a hearing or trial. Bankruptcy

Rule 9016 incorporates Federal Rule of Civil Procedure 45 which allows issuance of a subpoena for witness or document production.

The scope of examination under Bankruptcy Rule 2004 is very broad and the rule itself is "peculiar to bankruptcy law and procedure because it affords few of the procedural safeguards that an examination under Rule 26 of the Federal Rules of Civil Procedure does." In re GHR Companies, Inc., 41 B. R. 655, 660 (Bankr. D. Mass. 1984). The scope of a Rule 2004 examination is "unfettered and broad". In re GHR Energy Corp., 33 B.R. 451, 453-54 (Bankr. D. Mass. 1984). Examinations under Rule 2004 are allowed for the "purpose of discovering assets and unearthing frauds" and have been compared to "a fishing expedition." In re Foerst, 93 F. 190, 191 (S.D.N.Y. 1899). It may be "exploratory and groping". Sachs v. Hadden, 173 F.2d 929, 931 (2d Cir. 1949). See also 9 *Collier on Bankruptcy* ¶ 2004.02 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2005).

Federal Rule of Civil Procedure 45(d)(1) requires a person responding to a request for document production to produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand. FRCP 45(e) provides that failure to comply with a subpoena without adequate excuse may be deemed a contempt of the court from which the subpoena issued. Sanctions may be imposed if the debtor refuses to cooperate. *See* 9 *Collier on Bankruptcy* ¶¶ 2004.02-

2004.03 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2005); United States v. Martin-Trigona, 759 F.2d 1017, 1019-20, 1026 (2d Cir. 1985).

Based upon the above findings and conclusions, the court will enter a Judgment in conjunction with this Memorandum Opinion ordering John McCarty, Debtor, to fully and completely respond to the Movant's Request for Production of Documents within ten days from the date of entry of Judgment and pay the amount of $2,000 to Movant representing sanctions and reimbursement of attorney's fees and costs for his failure to cooperate in discovery.

Signed at Houston, Texas on this 26th day of January, 2006.

LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE